**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TERI L. WHALEN; an individual; on behalf of
herself and all others similarly situated,

                        Plaintiffs,

            vs.

CONVERGENT OUTSOURCING, INC., a
Washington Corporation; GALAXY ASSET
PURCHASING, LLC, a Nevada Limited
Liability Company; and, JOHN AND JANE
DOES NUMBERS 1 THROUGH 25,

                        Defendants.

Civil Action No.:


**CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I.  PRELIMINARY STATEMENT

1.      Plaintiff, TERI L. WHALEN ("Plaintiff" or "WHALEN"), on behalf of herself and all others similarly situated, brings this action for the illegal practices of Defendants, CONVERGENT OUTSOURCING, INC. ("CONVERGENT") and GALAXY ASSET PURCHASING, LLC ("GALAXY ASSET") (collectively "Defendants"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2.      The Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal

bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4.      The Act is not concerned with whether the consumer owes the debt, rather, "[a] basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007)(internal citations omitted).

5.      "Congress also intended the FDCPA to be self-enforcing by private attorney generals." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

6.      The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006).

7.      Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8.      A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even

though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9.      The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss,* 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id*. When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss,* 385 F.3d at 345 (internal citations omitted).

10.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the threat to take any action that cannot legally be taken or that is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

11.     To prohibit unconscionable and unfair practices, the FDCPA at 15 U.S.C. §

1692f, outlaws the use of unfair or unconscionable means to collect or attempt to collect any debt and names a non-exhaustive list of certain *per se* violations of unconscionable and unfair collection conduct. 15 U.S.C. §§ 1692f (1)-(8).

12.    A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

13.    The FDCPA also provides for class relief "capped" at the lesser of $500,000 or 1% of the debt collector's net worth. 15 U.S.C. § 1692k(a)(2)(B). "Representative actions, therefore, appear to be fundamental to the statutory structure of the FDCPA." *Weiss*, 385 F.3d at 345. Indeed, while limiting class relief, Congress nevertheless recognized the effectiveness of class actions to enforce the FDCPA and, therefore, mandated that a class action should be maintained "without regard to a minimum individual recovery." *Id*. When a debt collector opposes class certification based on its minimal or negative net worth, "there is a chance that no claims would proceed against Defendants due to a lack of financial incentive, thereby leaving unpunished allegedly thousands of FDCPA violations. Lacking this procedural mechanism, meritorious FDCPA claims might go unredressed because the awards in an individual case might be too small to prosecute an individual action." *Weiss*, 385 F.3d at 345 (internal citations omitted).

14.    The Plaintiff seeks statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all

other common law or statutory regimes. The Plaintiff requests an award of statutory, common law, punitive, and/or actual damages payable by Defendants.

## II. PARTIES

15.     Plaintiff is a natural person.

16.     At all times relevant to this complaint, Plaintiff has been a citizen of, and resided in, the Town of Bradenville, Westmoreland County, Commonwealth of Pennsylvania.

17.     At all times relevant to this complaint, CONVERGENT is a for-profit corporation existing pursuant to the laws of the State of Washington.

18.     CONVERGENT maintains its principal place of business at 800 SW 39th Street, City of Renton, King County, State of Washington.

19.     At all times relevant to this lawsuit, GALAXY ASSET is a limited liability company existing pursuant to the laws of the State of Delaware.

20.     At all times relevant to this lawsuit, GALAXY ASSET maintains its principal place of business at 4730 South Fort Apache Road, Suite 300, City of Las Vegas, Clark County, Nevada.

21.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

22.     Plaintiff is informed and believes, and on that basis alleges, that Defendants JOHN AND JANE DOES NUMBERS 1 THROUGH 25 are natural persons and/or business entities all of whom reside or are located within the United States, and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with

and oversaw policies and procedures used by the employees of CONVERGENT and GALAXY ASSET that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by CONVERGENT and GALAXY ASSET and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

23.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

24.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the Commonwealth of Pennsylvania at the time this action is commenced.

### IV. FACTS CONCERNING THE PARTIES

25.     More than four years ago, but in any event, prior to January 22, 2014, Plaintiff allegedly incurred a financial obligation to US Bank ("US Bank Obligation").

26.     The US Bank Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

27.     The US Bank Obligation arose out of a transaction in which the money, property, insurance, or services are the subject of the transaction that are primarily for personal, family, or household purposes.

28.     At some point after Plaintiff's alleged default, the original creditor of the US

Bank Obligation determined that the debt was uncollectable, and therefore decided to "charge-off" the debt.

29.     Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

30.     Plaintiff is informed and believes, and on that basis alleges, that after concluding that the US Bank Obligation was in default, US Bank charged-off the account and, together with hundreds or thousands of other charged-off open-ended consumer credit accounts, sold the debt to an unknown purchaser(s) of defaulted consumer debts.

31.     Defendants also contend that the US Bank Obligation is in default.

32.     The alleged US Bank Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

33.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

34.     Plaintiff is informed and believes, and on that basis alleges, that sometime prior to January 22, 2014, the creditor of the US Bank Obligation either directly or through intermediate transactions, assigned, placed, transferred, or sold the debt to GALAXY ASSET for collection.

35.     GALAXY ASSET is a purchaser of performing and non-performing consumer debts, which are in default at the time the debts are acquired.

36.     GALAXY ASSET collects, and attempts to collect, defaulted consumer debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf

of itself and other debt buyers using the U.S. Mail, telephone, and Internet.

37.   In connection with its debt servicing operations, GALAXY ASSET routinely hires other debt collectors, such CONVERGENT, to send dunning letters to consumers in an effort to collect money on the defaulted consumer debts GALAXY ASSET acquires.

38.   GALAXY ASSET is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39.   GALAXY ASSET is not a "creditor" as defined by 15 U.S.C. § 1692a(4).

40.   GALAXY ASSET contends that Plaintiff defaulted on the US Bank Obligation.

41.   Plaintiff is informed and believes, and on that basis alleges, that sometime prior to January 22, 2014, and within the one-year period immediately preceding the filing of the complaint in this action, GALAXY ASSET either directly or through intermediate transactions assigned, placed, or transferred the US Bank Obligation to CONVERGENT for collection.

42.   CONVERGENT collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

43.   CONVERGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

44.   On or about January 22, 2014, CONVERGENT mailed a collection letter concerning the US Bank Obligation, which is dated January 22, 2014, and which Plaintiff received in the ordinary course of mail. ("1/22/14 Letter"). A true and correct copy of the 1/22/14 Letter is attached hereto as ***Exhibit A***, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address in an effort to protect Plaintiff's privacy.

45.    The 1/22/14 Letter was sent, or caused to be sent, by persons employed by Defendants as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

46.     The 1/22/14 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

47.     The 1/22/14 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

48.     As of January 22, 2014, more than four years had elapsed since the last payment or activity on the US Bank Obligation that is the subject of the 1/22/14 Letter.

49.     Plaintiff is informed and believes, and on that basis alleges, that as of January 22, 2014, more than seven years had elapsed since the last payment or activity on the US Bank Obligation that is the subject of the 1/22/14 Letter

50.     Pursuant to 42 Pa. C.S. 5525(a), the statute of limitations is 4 years for filing suit to collect a credit card debt such as the US Bank Obligation.

51.     After purchasing defaulted consumer debts, GALAXY ASSET, through its agents, such as CONVERGENT, undertakes various means to collect these debts from consumers such as Plaintiff by, *inter alia*, engaging in a campaign sending thousands of dunning collection letters in the form attached hereto as ***Exhibit A***, which offer to "settle" a consumer's defaulted financial obligation for a large "discount" that is only available for a limited time for the consumer to accept.

52.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants have no legal right or basis to file a lawsuit against Plaintiff or other similarly situated consumers in the Commonwealth of Pennsylvania to collect defaulted credit card debts that are more than four years old, such as the US Bank Obligation, as those debts are legally non-enforceable.

53.     Plaintiff is informed and believes, and on that basis alleges, that the Defendants have no legal right or basis to report the US Bank Obligation, and other consumer debts of the same vintage (i.e., more than 7 years old), to Credit Reporting Agencies.

54.     GALAXY ASSET and CONVERGENT regularly attempt to collect defaulted consumer debts on which the statute of limitations has expired.

55.     CONVERGENT regularly sends letters to consumers in the Commonwealth of Pennsylvania, in the form of *Exhibit A*, in an effort to collect defaulted debts on which the statute of limitations has expired.

56.     CONVERGENT regularly sends letters on behalf of GALAXY ASSET to consumers in the Commonwealth of Pennsylvania, in the form of *Exhibit A*, in an effort to collect defaulted debts on which the statute of limitations has expired.

57.     The 1/22/14 Letter offers three settlement options for Plaintiff to resolve the US Bank Obligation, which range from "a 85% discount" all the way to paying the entire balance demanded.

58.     CONVERGENT regularly sends letters to consumers in the Commonwealth of Pennsylvania, in the form of *Exhibit A*, that offer to settle defaulted debts on which the statute of limitations has expired.

59.     CONVERGENT regularly sends letters on behalf of GALAXY ASSET to consumers in the Commonwealth of Pennsylvania, in the form of *Exhibit A*, that offer to settle defaulted debts on which the statute of limitations has expired.

60.     Upon reading the 1/22/14 Letter, Plaintiff believed, as would the unsophisticated consumer, that she had a legal obligation to pay the US Bank Obligation Defendants were offering to settle and that they might seek to file a lawsuit to collect the debt, and/or report the debt to Credit Reporting Agencies, if she did not accept one of the settlement options being offered.

61.     The 1/22/14 Letter falsely implies that the US Bank Obligation is legally

62.     Nothing in the 1/22/14 Letter disclosed that the US Bank Obligation was barred by the statute of limitations and/or not legally enforceable.

63.     It is the policy and practice of GALAXY ASSET and CONVERGENT to send and cause the sending of letters, in the form attached hereto as ***Exhibit A***, that seek to collect time-barred debts and do not disclose that the debt is time-barred.

64.     The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (*See* http://www.ftc.gov/opa/2012/01/asset.shtm).

65.     In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC*, Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

66.     On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation

rights when collecting debt that is barred by the applicable state statutes of limitations...." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

67.     The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

68.     On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/_debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

69.     The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

70.     Courts have also held that a debt collector's "settlement" offer made to consumers on a time-barred debt is misleading. *See e.g., McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014).

71.     CONVERGENT and GALAXY ASSET engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by

-12-

sending consumers letters, such as the 1/22/14 Letter, which offers to settle time-barred debts without disclosure of that fact.

## V.  POLICIES AND PRACTICES COMPLAINED OF

72.     It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters, such as *Exhibit A*, that offer to settle time-barred debts without disclosure of that fact.

73.     On information and belief the Defendants' collection letters, in the form attached as *Exhibit A*, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

74.     Plaintiff brings this claim on behalf of two classes, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

75.     The First Plaintiff Class consists of (a) all individuals with addresses in the Commonwealth of Pennsylvania (b) to whom CONVERGENT (c) sent a collection letter offering a settlement of a debt (d) on which the last payment or activity had occurred more than four years prior to the date of the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

76.     The Second Plaintiff Class consists of (a) all individuals with addresses in the Commonwealth of Pennsylvania (b) to whom a collection letter was sent on behalf of GALAXY ASSET (c) offering settlement of a debt (d) on which the last payment or activity had occurred more than four years prior to the date of the letter, (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

77.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

78.     Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

79.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as **_Exhibit A_**, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

80.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

81.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

82.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Classes defined above are so numerous that joinder of all members

would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A***, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

83.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

84.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

85.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

86.     Defendants violated the FDCPA. The Defendants' violations, with respect to their written communications in the form attached as ***Exhibit A*** include, but are not necessarily limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     Making false threats to take action that cannot legally be taken and/or that is not

intended to be taken in violation of 15 U.S.C. §§1692e and 1692e(5);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

(a)     Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

## VIII. PRAYER FOR RELIEF

87.     WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the Plaintiff Classes as follows:

A.      **For the FIRST CAUSE OF ACTION**:

(1)     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Classes as previously set forth and defined *supra*;

(2)     An award of the maximum statutory damages for Plaintiff and the Plaintiff Classes pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(3)     An award of actual damages for Plaintiff and the Plaintiff Classes, including all amounts paid on time-barred debts, pursuant to 15 U.S.C. § 1692k(a)(1);

(4)     Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(5)     For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:      November 5, 2014      /s/ Craig Thor Kimmel

Craig Thor Kimmel, Esq.
Amy L. Bennecoff, Esq.
KIMMEL & SILVERMAN, P.C.
30 East Butler Avenue
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile:  (877) 788-2864
E-Mail: kimmel@creditlaw.com
E-Mail: abennecoff@creditlaw.com

*Attorneys for Plaintiff, Teri L. Whalen, and all others similarly situated*