UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

*2:14cv-01519*

IN RE: CONVERGENT OUTSOURCING, INC.,
FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA) LITIGATION                                                                    MDL No. 2601

ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendant Convergent Outsourcing, Inc. (Convergent) moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of Texas. This litigation currently consists of six actions—two in the Southern District of Texas and one each in the Middle District of Florida, the Northern District of Illinois, the Western District of Pennsylvania, and the District of South Carolina—as listed on Schedule A.[1] Plaintiffs in each of these actions allege (a) that Convergent sent them a letter seeking to settle a years-old consumer debt without disclosing that the applicable statute of limitations barred litigation to collect the debt and (b) that this failure to disclose violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. Plaintiffs in five of the actions support centralization of this litigation in the Northern District of Illinois, where they argue related litigation against other debt collection companies and debt purchasers, in particular LVNV Funding, LLC, has been ongoing since at least 2011.

On the basis of the papers filed and the hearing session held, we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions share some factual questions arising from plaintiffs' allegations that Convergent sent each of them a dunning letter seeking to collect a consumer debt without revealing that the applicable statute of limitations with respect to the debt had expired. These common questions, though, are not sufficiently complex or numerous to warrant the creation of an MDL. There is no dispute regarding the contents of these letters, only whether the failure to state that litigation to collect the debts was time-barred renders them misleading under the FDCPA.

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.

[1] The Panel has been notified of seven related actions pending in the Central and Northern Districts of California, the Northern District of Georgia, the Central District of Illinois, the Western District of Kentucky, and the Southern District of Texas.

-2-

Furthermore, the actions on the motion involve non-overlapping putative state classes of consumers[2] and differ in potentially significant ways. For instance, most of the putative classes are directed towards failure to disclose the time-barred status of the alleged debt. Plaintiff in the actions pending in the Southern District of Texas, however, allege that Convergent stated in its dunning letters that it would not take legal action with respect to the alleged debt, but instead threatened to report the non-payment of the alleged debt to credit reporting agencies. Thus, there is no substantial risk of conflicting pretrial rulings, particularly with respect to class certification.

We also note that the various actions against other debt collection companies and debt purchasers pending in several districts in the Seventh Circuit—which plaintiffs point to in support of centralization in the Northern District of Illinois—have been proceeding without centralization (or, indeed, any other formal means of consolidation or coordination) for several years and are now nearing the conclusion of pretrial proceedings. Thus, to the extent there is any possibility of duplicative discovery or inconsistent pretrial rulings, voluntary cooperation and coordination among the parties and the involved courts seems a feasible alternative to centralization. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell          Charles R. Breyer
Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry

---

[2] The only arguable overlap—between the putative classes of Texas consumers asserted in the two actions pending in the Southern District of Texas—does not impact our analysis. Both actions are brought by the same plaintiff.

IN RE: CONVERGENT OUTSOURCING, INC.,
FAIR DEBT COLLECTION PRACTICES ACT
(FDCPA) LITIGATION                                              MDL No. 2601

## SCHEDULE A

Middle District of Florida

RIFFLE v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 6:14-01181

Northern District of Illinois

MCMAHON v. GALAXY ASSET PURCHASING, LLC, ET AL., C.A. No. 1:14-05257

Western District of Pennsylvania

WHALEN v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 2:14-01519

District of South Carolina

ALDRICH v. CONVERGENT OUTSOURCING, INC., C.A. No. 7:14-03456

Southern District of Texas

KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14-00131
KEETON v. CONVERGENT OUTSOURCING, INC., ET AL., C.A. No. 1:14-00132