IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------
TERI L. WHALEN, an individual, on behalf :
of herself and all others similarly situated,, :
                                               :    Case No.:  2:14-CV-1519
                            Plaintiff,         :
                                               :
           v.                                  :
                                               :
CONVERGENT OUTSOURCING, INC.,                  :
GALAXY ASSET PURCHASING, LLC.,                 :
and JOHN AND JANE DOES NUMBERS                 :
1 THROUGH 25,                                  :
                                               :
                            Defendants.        :
------------------------------------------------------

## DEFENDANT CONVERGENT OUTSOURCING, INC.'S
## MOTION TO TRANSFER VENUE

Defendant Convergent Outsourcing, Inc. ("Convergent") respectfully moves this Honorable Court for an order transferring venue to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a) or, in the alternative, staying this action pending a decision on class certification in the nationwide putative class action pending in *Nyby v. Convergent*, D. N. J. Case No. 2:15-cv-00886.  Grounds for this Motion are set forth in the accompanying Memorandum of Law, the Declaration of Jeffrey Hunter, the Declaration of Parker V. Sherry, and include the following:

1.     This individual action is one of many federal court actions filed against Convergent and other defendants alleging that Convergent purportedly violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* by trying to either collect upon or settle a debt which was time-barred under the respective state statutes of limitations.

2.      A nationwide putative class action has recently been filed in the District of New Jersey by plaintiff Eric Nyby, alleging nearly identical facts as Plaintiff in the instant action, who is putatively represented by the class plaintiff in *Nyby*.   Discovery in the two actions will therefore overlap, and the convenience of the parties and witnesses, and the interests of justice and judicial economy favor transfer of this action.

3.      Because Convergent is subject to personal jurisdiction in the District of New Jersey, venue in that district is proper pursuant to 28 U.S.C. § 1391(b).

4.      Alternatively, Convergent respectfully requests the Court exercise its inherent powers and stay the instant action pending a decision on class certification in the *Nyby* action in the interests of judicial economy and to avoid duplicative litigation.   Convergent respectfully submits that continuing proceedings in this Court before class certification in *Nyby* is decided would needlessly expend this Court's limited time and resources, as well as that of the parties hereto.   Absent a stay, Convergent will also face significant prejudice in having to simultaneously litigate single-plaintiff claims such as this action while defending identical claims on a class-wide basis.

WHEREFORE, Convergent respectfully requests transfer of the instant action to the District of New Jersey.   Alternatively, Convergent respectfully requests the Court stay this proceeding pending a decision on class certification in *Nyby v. Convergent Outsourcing, Inc*.

Respectfully Submitted,

 /s/ Parker V. Sherry
Parker V. Sherry, Esquire
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
(215) 564-8000

*Attorneys for Defendant,*
*Convergent Outsourcing, Inc.*

Dated:  February 20, 2015

## <u>CERTIFICATE OF SERVICE</u>

I, Parker V. Sherry, hereby certify that on February 20, 2015, I caused the

foregoing Motion to be electronically filed via the Court's ECF system.  The foregoing

document is available for viewing and downloading from the PACER system.  Electronic notice

of this filing was sent to all counsel of record.


/s/ Parker V. Sherry
Parker V. Sherry

# 2229250